ORIGINAL

FILED IN OPEN COURT
U.S.D.C Atlanta

OCT 31 2007

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

**GUILTY PLEA and PLEA AGREEMENT**

United States Attorney
Northern District of Georgia

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CRIMINAL CASE NO. 1:06-CR-323-CC

JOSE FARIAS GONZALEZ, defendant, having received a copy of the above-numbered Indictment and having waived arraignment, hereby pleads GUILTY to the sole count thereof pursuant to Fed. R. Crim. P. 11(a)(2) as set forth more fully below in paragraph 9. The defendant, his counsel, and the United States Attorney for the Northern District of Georgia ("the Government"), as counsel for the United States, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

1. The defendant admits that he is pleading guilty because he is in fact guilty of the crime charged in the sole count of the indictment.

2. The defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, the defendant would have the right to an attorney, and if the defendant could not afford an attorney, the Court would appoint one to represent him. During the trial, the defendant would be presumed innocent and the Government would have the burden of proving him guilty beyond a reasonable doubt. The defendant would have the right to confront and cross-examine the witnesses against him. If the defendant wished, he could testify on his own behalf and present evidence in his defense, and he could subpoena witnesses to testify on his behalf. If, however, the defendant did not wish to testify, that fact could not be used against him. If the defendant were found guilty after a trial, he would have the right to appeal the conviction. The defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind. The defendant also understand that he ordinarily would have the right to

appeal or collaterally attack his sentence, as specified below. Finally, the defendant understands that, to plead guilty, he may have to answer questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and the defendant's answers, in untruthful, may later be used against him in a prosecution for perjury or false statements.

3. The defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

(a) Maximum term of imprisonment: 20 years

(b) Mandatory minimum term of imprisonment: none

(c) Term of supervised release: up to 3 years

(d) Maximum fine: $250,000

(e) Full restitution to all victims of the offense(s) and relevant conduct

(f) Mandatory special assessment: $100

The defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines. Ultimately, it is within the Court's discretion to impose a sentence up to and including the statutory maximum. The defendant also understands that no one can predict his exact sentence at this time.

4. The Government will recommend that the defendant receive a three-level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the defendant falsely deny or falsely attempt to minimize his involvement, fail to pay the special assessment, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

5. The defendant understands that the Court will order him to pay a special assessment in the amount of $100.

6. The government agrees to recommend that the defendant be sentenced to the low end of the applicable guideline range.

7. The defendant agrees that, upon sentencing, he will not contest or appeal any order of removal and/or deportation from the United States or Mexico. The defendant expressly agreed to be removed and deported by agents or officers of Immigration and Customs Enforcement, from the United States to Mexico, upon his release from ~~the~~ custody. ~~of the United States Marshal.~~ The defendant further agrees that he will not re-enter the United States during any period of supervised release ordered by the United States District court. The defendant agrees not to attempt to reenter the United States without first applying to the Secretary of Homeland Security for permission to reapply for admission into the United States. However, he agrees not to reapply for admission into the United States until his period of supervision is over.

8. The Government reserves the right to inform the Court and the Probation Office of all facts and circumstances regarding the defendant and this case, and to respond to any questions from the Court and the Probation office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea Agreement, the Government also reserves the right to make recommendations regarding application of the Sentencing Guidelines.

9. LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding on any ground including a § 2255, except that the defendant may file a direct appeal of: (1) the court's adverse determination [Doc. Nos. 28 and 36] of his pretrial motion to suppress evidence [Doc. No.

16]; and (2) a sentence higher than the otherwise applicable advisory sentencing guideline range.

The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of his sentence.

10. The parties agree that no biological evidence (as defined in 18 U.S.C. § 3600A) has been identified in this case; therefore, the defendant understands and agrees that no evidence will be preserved for DNA testing.

11. If the defendant fails in any way to fulfill each one of his obligations under the Plea Agreement, the Government may elect to be released from its commitments under this Plea Agreement. The Government may then prosecute the defendant for any and all Federal crimes that he has committed related to this case, including any changes dismissed pursuant to this Plea Agreement, and may recommend to the Court any sentence for such crimes up to and including the maximum sentence. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial defense to such a prosecution, except to the extent that such a defense exists as of the date he signs this Plea Agreement. In addition, the defendant agrees that, in such a prosecution, all admissions and other information that he has provided at any time, including all statements he has made and all evidence he has produced during proffers, interviews, testimony, and otherwise, may be used against him, regardless of any constitutional provision, statute, rule or agreement to the contrary. Finally, the defendant understands that his violation of the terms of this Plea Agreement would not entitle him to withdraw his guilty plea in this case.

12. The defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement or otherwise discussed between the parties are not binding on the Court and that the Court's failure to accept one or more of the recommendation will not

constitute grounds to withdraw his guilty plea or to claim a breach of this Agreement.

13. There are no other agreements, promises, representations, or understandings between the defendant and the Government.

In Open Court this ___31st___ th day of October, 2007.

_____
SIGNATURE (Attorney for Defendant)
**RICHARD HOLCOMB**

_____
SIGNATURE (Assistant U.S. Attorney)
**MARY C. ROEMER**

_____
SIGNATURE (Approving Official)
**MARY JANE STEWART**

10/30/07
DATE

_____
SIGNATURE (Defendant)
**JOSE FARIAS GONZALEZ**

5

## CERTIFICATION OF DEFENDANT AND COUNSEL

I have read the Indictment against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my sentence or challenging my sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

_____   _____
SIGNATURE (Defendant)            DATE

I am JOSE FARIAS GONZALEZ's lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____   _____
SIGNATURE (Defense Attorney)     DATE

**INFORMATION BELOW MUST BE TYPED OR PRINTED**

RICHARD HOLCOMB
NAME (Attorney for Defendant)

*/s/ R.B. [signature]*

100 Peachtree Street, N.W.
Suite 1700
STREET

ATLANTA, GEORGIA 30303
CITY & STATE   ZIP CODE

PHONE NUMBER (404) 688-7530

STATE BAR OF GEORGIA NUMBER 360233

Filed in Open Court

_____

By _____

JOSE FARIAS GONZALEZ
NAME (Defendant)

*Jose Faria G.* [signature]

STREET

c/o U.S. Marshalls
CITY & STATE   ZIP CODE

PHONE NUMBER _____

7

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIMINAL ACTION NO.: | 1:06-CR-323-CC |
| DEFENDANT'S NAME: | JOSE FARIAS GONZALEZ |
| PAY THIS AMOUNT: | $100.00 |

INSTRUCTIONS:

1. PAYMENT MUST BE MADE BY **CERTIFIED CHECK** OR **MONEY ORDER** PAYABLE TO:

    CLERK OF COURT, U.S. DISTRICT COURT

    **PERSONAL CHECKS WILL NOT BE ACCEPTED**

2. PAYMENT MUST REACH THE CLERK'S OFFICE WITHIN 30 DAYS OF THE ENTRY OF YOUR GUILTY PLEA

3. PAYMENT SHOULD BE SENT OR HAND DELIVERED TO:

    (Do not Send Cash)

4. INCLUDE DEFENDANT'S NAME ON **CERTIFIED CHECK** OR **MONEY ORDER**

5. ENCLOSE THIS COUPON TO INSURE PROPER AND PROMPT APPLICATION OF PAYMENT

6. PROVIDE PROOF OF PAYMENT TO THE ABOVE-SIGNED AUSA WITHIN 30 DAYS OF THE GUILTY PLEA